[No. 17733. Department One. March 15, 1923.]

## ELIZABETH FEENSTRA, *Respondent,* v. STEPHEN FEENSTRA, *Appellant.*[1]

LIMITATION OF ACTIONS (56)—FRAUD—DISCOVERY. An action by an illiterate divorced woman to recover an interest in community property which she had quitclaimed to her former husband through fraudulent representations that the deed was a receipt, is not barred under Rem. Comp. Stat., § 159, until three years after discovery of the fraud, which was shortly after the recording of the deed.

DIVORCE (109)—OPERATION AND EFFECT OF DECREE—PROPERTY NOT DISPOSED OF. Where a divorce was obtained on a summons by publication without the knowledge of the wife, the findings of fact therein are immaterial in her action to recover an interest in community property, not mentioned in the divorce decree, which made no disposition of the property.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered June 7, 1922, upon findings in favor of the plaintiff, in an action to recover a community interest in real property, tried to the court. Affirmed.

*Cooley, Horan & Mulvihill,* for appellant.

*Gideon Moody Le Cocq,* for respondent.

MITCHELL, J.—This action was brought to recover judgment for the value of a former community interest in real estate sold by the former husband after a divorce between the parties, no mention having been

[1] Reported in 213 Pac. 466.

made of the property of the parties in the divorce proceedings. There was judgment for the plaintiff, from which defendant has appealed.

The parties were husband and wife and lived with each other as such for twenty-three years until April 25, 1913, when, upon his complaint, they were divorced. About the year 1902, they purchased a small tract of land in Island county, settled on it, improved it and made it their home until shortly before the divorce. The property was purchased under a real estate contract, payments to be made by installments. The contract was kept in force, and at the time of the divorce the community interest of the parties in the property was of the value of $1,500. Shortly before the divorce, they disagreed and separated. Upon her leaving, he gave her $100 and had her sign an instrument and acknowledge it before a notary public, which she understood was simply a receipt, while in fact it was a quitclaim deed to the real estate. The facts, together with the purpose and effect of that transaction, form one of the principal, if not the main, contentions in the case. There was a conflict of evidence concerning it. Both of the parties were ignorant, she quite so. She could not read, nor could she write her name. The trial court found, upon what appears to be the clear preponderance of the evidence, that she was overreached; that she did not know she signed a deed, but understood it was a receipt. About the time they separated, he promised her, more than once, that, when he sold the land, he would pay her her share of the proceeds.

Her quitclaim deed to him was dated and delivered September 27, 1912, and was not filed by him for record until December, 1921, when, or about which time, he sold and conveyed the property to a third person for $3,100. Shortly after the deed was recorded in the

auditor's office, she discovered, through the°advice of others, that the instrument was a deed. That was the first knowledge she had that it was a deed. She promptly brought this action.

The assignments of error, with two exceptions, relate to the findings of fact made by the trial court, which were, in effect, as we have stated them. The appellant's story to the contrary was, upon all of the evidence, clearly overcome.

It is contended the action was barred by the statute of limitations because her deed was made more than six years before this action was commenced, but it has been found that the procuring of the deed was a fraud. It appears that the respondent did not know, nor was there anything to put her on notice after she was deceived into signing the deed, that the instrument was a deed until after it was put on record in December, 1921. The three years' limitation for the commencement of actions (§ 159, subd. 4, Rem. Comp. Stat.), provides that, in cases of fraud, the cause shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. This action was commenced in April, 1922, and was not barred by the statute of limitations referred to, nor any other.

The appellant offered in evidence the findings of fact entered in the divorce decree. The refusal of the court to admit them is assigned as error. The marriage and divorce of the parties and the date of each were admitted. The divorce action against her was by the publication of summons. She testified in this case that she never heard of the divorce action until after the decree was entered. He testified in this action that, at the time he prosecuted the divorce action, he did not know where she was. There is no claim in this action that

the divorce action included or pretended to include or make any division or disposition of the property rights of the parties.  The findings of fact offered and rejected were immaterial.

Judgment affirmed.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.